PERRIN (WHITE v.). See Case No. 17,555.

---

## Case No. 10,997.

### PERRINE v. THOMPSON.

[17 Blatchf. 18;[1] 8 Reporter, 329.]

Circuit Court, S. D. New York. August 11, 1879.

COURTS—CONFLICTING DECISIONS—MUNICIPAL BONDS—COUPONS.

1. After the court decided Cooper v. Thompson [Case No. 3,202], the court of appeals of New York decided, in Horton v. Town of Thompson, 71 N. Y. 513, that the act of the legislature of New York, passed April 28th. 1871 (Laws N. Y. 1871. c. 809, p. 1838), validating the irregularities of the commissioners in issuing the bonds of the town, was unconstitutional, and, after that decision. this court. in an action between the parties to this suit, adhered to the former decision of this court. In the present case this court adhered to its former decisions. there being no difficulties in the way of a review of the case by the supreme court.

2. The case of Warren Co. v. Marcy. 97 U. S. 96. followed, as conclusive against a defence predicated on People v. Benedict [47 N. Y. 667].

3. Where a plaintiff has the legal title to coupons. he can sue upon them. although he bought them merely with the object of bringing suit upon them in this court, and intending, if he collected them, to pay over a portion of the recovery to some other person.

4. Coupons payable to bearer are promissory notes. within section 1 of the act of March 3d. 1875 (18 Stat. 470), and the holder of them is not an assignee, but acquires his title by delivery.

[This was an action by Orlando Perrine against the town of Thompson.]

James K. Hill, for plaintiff.
Timothy F. Bush, for defendant.

WALLACE, District Judge. Since the decision of this court in Cooper v. Thompson [supra], the highest court of the state has decided (Horton v. Town of Thompson, 71 N. Y. 513) that the act of the legislature, passed April 28th, 1871, validating the irregularities of the commissioners in issuing the bonds (Laws N. Y. 1871, c. 809, p. 1838) was unconstitutional; and, since that decision by the

---

[1] [Reported by Bradley T. Johnson, Esq., and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford. Circuit Judge, and here reprinted by permission.]

state court, Judge Shipman, in this court, in an action between the present parties, adhered to the former decision of this court. The supreme court of the United States has sustained the validity of legislative acts of the same general character as the one in question (Thomson v. Lee Co., 3 Wall. [70 U. S] 327; The City v. Lamson, 9 Wall. [76 U. S.] 477; Ritchie v. Franklin Co., 22 Wall. [89 U. S.] 67), but in no case of which I am aware, where the highest court of the state in which the action was tried had pronounced the legislation unconstitutional. But, in Town of Venice v. Murdock, 92 U. S. 494, the supreme court refused to consider itself required to yield its own convictions as to the right of a holder of municipal bonds to recover, although the highest court of the state had decided, that, under the construction to be given to the statute under which the bonds had been issued, there could be no recovery upon the bonds. Under these circumstances, I think the more seemly disposition of the case requires me to adhere to the former decisions of this court, until the case is reviewed by the supreme court. If there were any difficulties in the way of such a review, I should certainly suspend the determination of the case until the cases now in the supreme court, involving the same question, should be adjudged. The case of Warren Co. v. Marcy, 97 U. S. 96, is a conclusive authority against the defence predicated upon the action and judgment in People v. Benedict [47 N. Y. 667]. The evidence would not have authorized the jury to find that the plaintiff's purchase of the coupons in suit was colorable and fictitious merely. Quite likely he bought them mainly with the object of bringing suit upon them in this court, and intending, if he collected, to pay over a portion of the recovery to some other person; and, perhaps, the jury would have been justified in finding that the coupons were sold by the owner, as well as bought by the plaintiff, with this understanding. Nevertheless, the plaintiff acquired the legal title, and, this being so, the motive of the transaction is not material. McDonald v. Smalley, 1 Pet. [26 U. S.] 620; Smith v. Kernochen, 7 How. [48 U. S.] 198, 216. The plaintiff is not an assignee, but acquired his title by delivery, and the coupons are promissory notes within section 1 of the act of March 3d, 1875 (18 Stat. 470). Cooper v. Thompson, supra, and cases there cited. The motion for a new trial is denied.

[NOTE. There were several similar actions brought by the same plaintiff against the town of Thompson. In each of these there was judgment in the circuit court in favor of the plaintiff. The plaintiff's right to so recover was affirmed in the supreme court in Town of Thompson v. Perrine, 103 U. S. 806; Id., 106 U. S. 589, 1 Sup. Ct. 564; Id., 106 U. S. (Lawy. Ed.) 300, 1 Sup. Ct. 568.]